# MARC
### ATTORNEYS AT LAW
### A PROFESSIONAL CORPORATION

MCCUSKER · ANSELMI
ROSEN · CARVELLI

210 Park Avenue, Suite 301
Florham Park, New Jersey 07932
Tel: 973.635.6300 · Fax: 973.635.6363
www.marc.law

BRUCE S. ROSEN
*Director*
Direct: 973.457.0123
Fax: 973.457.0276
brosen@marc.law

July 9, 2018

**VIA ELECTRONIC FILING**

Hon. John Michael Vazquez
United States District Court, District of New Jersey Newark
Frank R. Lautenberg U.S. P.O. & Cthse., Room 417
2 Federal Sq.
Newark, New Jersey 07102

      Re:    **Bergen Rockland Eruv Association, et al. v. The Borough of Upper Saddle River – Civil No.: 2:17-CV-05512-JMV-CLW**

Dear Judge Vazquez:

      As Your Honor is aware, this office represents defendant Borough of Upper Saddle River ("USR") in the above-referenced matter. We respectfully submit this letter to address misrepresentations set forth in Plaintiffs' letter of July 6, 2018 (ECF Doc. No. 61), addressing the most egregious misrepresentations in turn.

      1.    First, Plaintiffs allege there exists no emergency to justify USR seeking an order to show cause and abbreviated briefing schedule because they assume that only their interests qualify as an emergency, despite the language of the Agreement. This position sets the tone for Plaintiffs obvious disregard for their contractual obligations. Plaintiffs openly disregard paragraph 31 of the Agreement which, in no uncertain terms, state that breach of the Agreement will cause "substantial and irreparable harm to the injured Party," thus, an injured party may seek emergent relief from

Hon. John Michael Vazquez  July 9, 2018
Page 2

the Court. Rosen Decl., Ex. C.  Moreover, the citizens of Upper Saddle River, many of whom have read the Agreement on the Borough's website, are very much aware of these breaches because they see the cut branches, or the earth thrown around on their lawns, or the work without flagmen, and the lack of progress on removing the white lechis and they are justifiably unhappy about the non-compliance.  They have a right to immediate enforcement.

2.     The Settlement Agreement requires the new eruv's completion within 60 days, or by June 9, 2018.  Plaintiffs premise their "compliance" argument on their basis that they have used "best efforts" to meet this deadline.  While Plaintiffs are correct that "best efforts" was negotiated to be part of the Agreement, it was at Plaintiffs' insistence.  Plaintiffs' actions, echoed in their letter to the Court, characterizing the 60-day deadline as a "purported" one, confirms their bad faith intentions when negotiating for this language – deadlines mean nothing as long as they have this language and, as they have done, they will allege "best efforts" can mean anything.  As set forth in USR's moving papers, Plaintiffs' have significantly delayed their installations of the utility poles necessary to complete the Exhibit A eruv contemplated by the Agreement.  They didn't even confirm the correct pole locations with USR until June 26, 2018.  This disingenuousness is demonstrated by the complete failure to even mention the purported Verizon licensing delays to the Borough until well after the deadline had passed.

3.     At very least, Plaintiffs have violated and abused the spirit of the Agreement by violating its notice requirements, traffic rules[1], trespassing on private property for use of resident's

---

[1] Conveniently, Plaintiffs make no mention of their contractor's failure to comply with use of a flagman while operating within USR's right-of-ways.

power without permission, and carelessly discarding refuse on private property. See Rosen Decl. at Exs. L-M. Plaintiffs attempt to pass responsibility for sloppy work and trespassing on to their contractors although they are explicitly contractually responsible for the work performed pursuant to the terms of the Agreement and, therefore, too, the conduct of their contractors. Such disregard for the express terms of the Agreement and the rights of USR and its residents cannot be considered 'good faith efforts' and in view of the public outcry, necessarily create an emergency by their very nature. Accordingly, USR's use of an Order to Show Cause and request for an abbreviated briefing schedule is both necessary and justified.

4. As for counsel's claim that defense counsel was promptly contacted immediately following USR's letter of June 29, 2018, Mr. Yolkut, who reached out to us, had no information to provide counsel with respect to Plaintiffs' delays in obtaining Verizon's approval. He promised to provide more information on July 3, as well as a conference call with their agent, Rabbi Steinmetz, and when nothing was forthcoming, this OSC was drafted. As evident by counsel's letter to the Court, Plaintiffs still are unable to articulate what information was provided to Verizon and when. If all information was provided to Verizon on May 14, 2018 and all technical determinations and materials concerns have been settled since April 30, 2018, why haven't Plaintiffs provided everything to Verizon already? Why are they still providing Verizon dribs and drabs of information as late as July 6, 2018, a month after the Agreement's deadline? None of this had been shared with USR. This failure to keep USR informed more clearly demonstrates lack of good faith and fair dealing than "best efforts."

Hon. John Michael Vazquez  July 9, 2018
Page 4

5. With respect to Plaintiffs' outlandish allegation that I approved the use of fishing line in existing eruv, pursuant to Rosen Decl, Ex. I, is a nonsensical interpretation of my email. See Rosen Decl., Ex. I. I approved a material offered for use by Plaintiffs <u>for the Exhibit A eruv</u>. <u>Id</u>. We have never agreed to the use of fishing line or any other material for the exiting eruv, in fact the Borough's concern and opposition was clearly stated in its opposition to the Preliminary Injunction after one of these wires was found hanging from a pole in USR. (Plaintiffs' counsel's repeated use of the word 'fences' in his letter to this Court, clearly exhibits the presumptive nature of Plaintiffs. Nowhere in the Agreement does the word 'fences' appear. USR is unaware of what counsel is referring to, but will make clear, fences have not been agreed to and USR objects to the installation of same.)

<u>Miscellaneous matters.</u> Plaintiffs allege that it is USR's position that they have taken *no* efforts to comply with the Agreement. On the contrary, USR's papers allege that Plaintiffs have not used their best efforts and in many instances acted in bad faith. Representative of this bad faith is Plaintiffs' renewed attempt to smear USR, just as it did during the PI briefing, by making unsubstantiated and irrelevant claims such as those in footnote 5 (During the PI briefing, Plaintiffs similarly tried to link USR with Mahwah and the state civil rights lawsuit against it). Similarly irrelevant are Plaintiffs' claims about not having the same difficulties they have had with USR with the other towns that settled with them. No other town entered into an Agreement that required substantive performance by Plaintiffs. Had they, this court would likely be seeing other similar complaints.

Hon. John Michael Vazquez  July 9, 2018
Page 5

Finally, USR maintains its position that Plaintiffs have failed to provide notice before repairing or maintaining the existing eruv, which is consistent with the text of paragraph 20 and the spirit of the Agreement. Further, if Plaintiffs have evidence which is suggestive of good faith, USR encourages them to exchange that information now for the benefit of the parties and the Court at the July 10, 2018 telephone conference, rather than grandstanding.

We thank the Court for the opportunity to correct the record. Nonetheless, should the parties' teleconference prove unsuccessful, USR respectfully requests the Court maintain the abbreviated briefing schedule established by the Court's text order of July 5, 2018.

Respectfully Submitted,

Bruce S. Rosen

BSR:ckc
cc:  Yehudah Buchweitz, Esq. (via electronic filing)
     David Yolkut, Esq. (via electronic filing)
     Kaela Dahan, Esq. (via electronic filing)
     Robert Regan, Esq. (via email)